PROSPERITY CO., Inc., v. AMERICAN
LAUNDRY MACHINERY CO.
No. 628.

District Court, S. D. Ohio, W. D.
, April 27, 1934.

See also (D. C.) 6 F. Supp. 515.

Wood & Wood, of Cincinnati, Ohio (Wm. R. Wood, of Cincinnati, Ohio, and Bohleber & Ledbetter, J. C. Ledbetter, and Francis H. Fassett, all of New York City, of counsel), for plaintiff.

Allen & Allen, of Cincinnati, Ohio (Marston Allen and Peck, Shaffer & Williams, all of Cincinnati, Ohio, and Brockett, Hyde, Higley & Meyer and Elbert L. Hyde, all of Cleveland, Ohio, of counsel), for defendant.

NEVIN, District Judge.

This cause is now before the court on a motion filed on behalf of plaintiff herein for a decree dismissing defendant's counterclaim based on Benjamin patent, No. 1,167,475, on the ground that the same is not properly a counterclaim "arising out of the same trans-action," and that Equity Rule 30 was not intended to permit a defendant to acquire a patent after suit and thereafter set the same up as a counterclaim.

The record shows that plaintiff filed its bill of complaint against the defendant in this court on October 9, 1929; that on October 31, 1929, Benjamin patent, No. 1,167,475 was assigned by Benjamin Electric Manufacturing Company, of Chicago, Ill., to the American Laundry Machinery Company, at Cincinnati, Ohio, defendant herein; and that on November 4, 1929, the defendant caused to be recorded in the United States Patent Office the assignment to it of said Benjamin patent (being the patent involved in the counterclaim). The Benjamin patent in question is for safety device for presses. It was issued January 11, 1916. Defendant filed its answer and counterclaim on this patent on February 14, 1930. On April 15, 1930, plaintiff filed its answer to the counterclaim.

Due to the fact that plaintiff filed an answer to the counterclaim, that a certain stipulation was entered into, having reference to this Benjamin patent, and that counsel for plaintiff collaborated "in having the case set for trial," it is urged upon the court by counsel for defendant that plaintiff has submitted itself to the jurisdiction of this court, and definitely to the Benjamin counterclaim, and that for this reason and because this motion was not filed and pressed at an earlier date, and because to now dismiss defendant's counterclaim would (it is claimed) impose severe hardship upon the defendant, attributable, as defendant asserts, directly to plaintiff's delay in moving to dismiss, the motion should be overruled.

Plaintiff in its motion states that: "This motion is based on the interpretation of rule 30 stated by the Fourth Circuit Court of Appeals on October 3, 1933, page 106, in the case of Texas Company et al. v. Borne Scrymser Company, 68 F.(2d) 104, 107, and is further supported by a fact showing contained in the affidavit of Aquila R. Braun filed herewith."

Counsel for defendant urge that this court should not rely upon the Texas Company Case just referred to, for the reason that "there was no joinder of issue on the counterclaim objected to but instead that a timely motion was filed to dismiss it. In such a situation the question of the proper locus for the cause of action on the counterclaim was before the Court. It could not have been before the Court had answer been filed as to the counterclaim, because there would then have

been a waiver of the right to object to the place where the cause should be brought."

Counsel for defendant further submit that the Texas Company Case should not be followed by this court, because, inter alia, the ruling of the court in that case "was fundamentally in error."

■ This court cannot agree with the latter claim made upon the part of defendant, nor does the court think that plaintiff is precluded from filing this motion by reason of the fact that it has heretofore filed an answer to the counterclaim. The court agrees with the statement made by counsel for plaintiff that no jurisdictional question is involved, as had plaintiff been a resident instead of a nonresident of this jurisdiction at the time of filing the bill of complaint, plaintiff could have raised this same question under rule 30.

The motion is filed under the authority of Equity Rule No. 29 (28 USCA § 723), under which plaintiff is not barred or estopped from moving to dismiss the counterclaim simply because it had previously filed an answer or reply thereto. It had not so definitely or irrevocably submitted itself to the Benjamin counterclaim (as asserted by defendant) as that it was precluded from exercising its rights under Equity Rule 29. As indicated, plaintiff filed its motion in accordance with Rule 29, and in doing so merely asserts that the counterclaim is contrary to the provisions of Equity Rule 30 (28 USCA § 723), and, as plaintiff claims, also contrary to public policy.

■ This court is in accord with the views expressed by the Circuit Court of Appeals for the Fourth Circuit, in the Texas Company Case, supra, and with the statement contained in the opinion in that case that: "The law never intended to permit a defendant, after an action had been commenced against him, to buy up, for purposes of litigation and defense, doubtful or other claims against the plaintiff, and then interpose them to defeat in whole or in part a demand against which the defendant had no defense at the time the suit was brought."

In the Texas Company Case, the Court of Appeals does say: "The rule should not be construed to forbid absolutely any counterclaim coming into existence, or acquired by the defendant after the original suit is brought; yet, on the other hand, a fair interpretation does not justify the filing of an after acquired counterclaim secured by the defendant for the purposes disclosed by the evidence in this case." ...

In their brief, counsel for defendant state: "3. Finally it will be noted of the Texas Co. v. Borne Scrymser Co., Case that the Court indicated quite clearly that the reason for its exclusion of the counterclaim was that the facts showed that the acquisition of the claim was mainly for the purpose of obstructing justice and harassing the plaintiff."

In the instant case, in addition to the pleadings, there has been submitted to the court affidavits, one of Aquila R. Braun (which, as above indicated, is attached to plaintiff's motion, together with certain exhibits in the affidavit referred to) and the other of Mr. George W. Johnson, whose affidavit is attached to the brief on behalf of defendant. Mr. Braun is president of the plaintiff company, and Mr. Johnson manager of the patent department of the defendant company.

■ Without reviewing in detail the record as disclosed by the pleadings and these affidavits, because the record speaks for itself, the court upon consideration of the pleadings and evidence as thus presented is of the opinion and so finds that this Benjamin patent, No. 1,167,475, was acquired after the bill of complaint had been filed in this action mainly, if not solely, for the purpose of setting up this counterclaim, and if not for the purpose of harassing the plaintiff, at least in an effort, as claimed by counsel for plaintiff, to be able to launch a counter offensive and make more difficult the prosecution of any charge of its infringement of the Davis patent.

As heretofore indicated, the Benjamin patent is dated January 11, 1916. There is nothing in the record to show that during the thirteen-year period from 1916 until 1929, when it was acquired by defendant, the Benjamin Electric Manufacturing Company, assignee, had ever notified plaintiff, a manufacturer of laundry machinery, of any alleged infringement of the Benjamin patent covering an improvement in electrically operated punch presses. It appears further that the device covered by the Benjamin patent has never been previously used by defendant in its business, nor was plaintiff ever notified by defendant of any claim upon its part of an infringement of the Benjamin patent. It would seem, as claimed by plaintiff, that the Benjamin Electric Manufacturing Company and this plaintiff were not competing manufacturers and that their respective patents were not conflicting or related to analogous arts, and the fact that for thirteen years no infringement controversy had ever arisen between the plaintiff and the Benjamin Com-

pany would raise a very strong inference at least that plaintiff would never have been charged with infringement of the Benjamin patent had it not been acquired by defendant herein after plaintiff filed its original bill.

In the affidavit of Mr. Braun, there is set forth a letter addressed to the defendant company, under date of March 2, 1929, wherein the defendant was notified that plaintiff claimed defendant was infringing Davis patent No. 1,609,273. A letter under date of March 10, 1932, to Messrs. Bohleber & Ledbetter, of counsel for plaintiff, from Messrs. Brockett, Hyde, Higley & Meyer, referring to two Benjamin patents and the Bates patent, is also set out, together with a copy of an advertisement appearing in the March issue of the "National Laundry Journal" and a sworn statement by Mr. Braun to the effect that the Benjamin patent relates to "punch presses" and that the American Laundry Machinery Company "has never manufactured and sold any laundry machines embodying the subject-matter of these patents," with the further statement that the patents are "in arts which are non-analogous to and quite foreign to the art of garment pressing machines to which the Davis patent in suit relates." This affidavit was sworn to on March 19, 1934, and filed in this court, along with plaintiff's motion now under consideration, on March 22, 1934. As stated, the only other evidence before the court is the affidavit of Mr. George W. Johnson, which was sworn to on April 5, 1934, and handed to the court attached to the brief for defendant, which bears no filing date. However, in his affidavit, Mr. Johnson says, among other things, that: "I have read and understand the plaintiff's motion to dismiss defendant's counterclaim as to the Benjamin patent in the above entitled cause, including not only the motion papers but the affidavit of Aquila R. Braun and exhibits accompanying the same." Mr. Johnson then goes on to refer to certain litigation under the Bates patent in the Southern District of New York, but says nothing about the statements, just referred to, in the affidavit of Mr. Braun, except in the last paragraph, which is as follows: "I do not admit or deny any of the many other statements made in said Braun affidavit."

In the Texas Company Case, the Court of Appeals say: "That a preponderance of the evidence justifies the inference we have drawn as to the purposes for which the counterclaim was acquired and filed." This court takes the same view in the instant case and is of the opinion that to permit this counterclaim to remain would result in a hindrance rather than a help and in the end would tend to obstruct the orderly administration of justice by confusing the issues involved.

In the Texas Company Case, the court further stated that: "It would be improper for us at this time to pass upon the merits of the respective claims of patent infringement, even if we were in possession of facts sufficient to enable us to do so, and we intimate no conclusions whatsoever in this respect." So also in the instant case, this court is not passing upon the merits of the respective claims involved in the controversy.

Because this case has been specially assigned for trial for June 5, 1934, the court concluded that in order to avoid further delay of trial, this motion should be disposed of expeditiously. The court has not attempted, therefore, to enter upon a broad discussion of the questions involved, but is content merely to say that in view of all of the foregoing and of the whole record, the court is of the opinion that the facts before the court bring the instant case squarely within the decision in the case of Texas Co. v. Borne Scrymser Co., supra, and that plaintiff's motion to dismiss defendant's counterclaim should be and it is sustained.

An order may be drawn accordingly.